# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3330 | **DATE** | 6/27/2011 |
| **CASE TITLE** | Charles D. Hardig (#2009-0009731) vs. Illinois Department of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's renewed motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $42.03 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Will County Adult Detention Facility. However, the plaintiff must submit a second amended complaint (plus a judge's copy and service copies) limited to a single claim or defendant. Failure to comply by July 20, 2011, will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

*Suzanne B. Conlon*

■ **[For further details see text below.]**                    Docketing to mail notices.

---

## STATEMENT

The plaintiff, an inmate in the custody of the Will County Adult Detention Facility, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

The plaintiff's renewed motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $42.03. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

However, the plaintiff must submit a second amended complaint. In his original complaint, the plaintiff claimed that correctional officials and health care providers in at least three different correctional facilities in

**(CONTINUED)**

| | mjm |
|---|---|

three counties had acted with deliberate indifference to his serious medical needs. The court therefore ordered the plaintiff to submit an amended complaint limited to a single facility located in the Northern District of Illinois judicial district. Although the plaintiff's amended complaint concerns only events at the Will County Adult Detention Facility, he now raises new, misjoined claims.

The plaintiff alleges that in the Spring of 2010, he received a spoiled drink that made him ill, that he received inadequate care and treatment for food poisoning and/or pancreatitis, that a nurse dispensed the wrong medication in May 2011, and that the jail's law library has removed its computer, forcing him to hand-write court filings. As the court advised the plaintiff in its prior order, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits. . . ." *See* Minute Order of May 27, 2011, citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The plaintiff must choose a single claim (or single defendant) to pursue in this lawsuit. Any other claims the plaintiff may wish to prosecute must be brought in separate lawsuits.

In addition, the plaintiff must name as defendants those individuals who were personally and directly involved in the alleged constitutional violation(s). The Will County Adult Detention Center is not, itself, a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993). Nor can the warden of the Will County Jail be held liable if he was not involved in the circumstances giving rise to the plaintiff's claims. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). The plaintiff must sue the persons who allegedly violated his constitutional rights.

Finally, the plaintiff should perform some basic legal research prior to drafting his second amended complaint. For example, while the State must provide inmates with food that is nutritionally adequate and that does not present an immediate danger to their health or well-being, the court questions whether the occasional foreign object or spoiled food item amounts to a constitutional violation. Likewise, it is doubtful that an isolated incident of dispensing the wrong medication rises to the level of a Fourteenth Amendment violation. *Compare Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004). In addition, the right of meaningful access to the courts includes a right only to "paper and pen to draft legal documents," *Bounds v. Smith*, 430 U.S. 817, 823 (1977), or "some means of writing." *Gentry v. Duckworth*, 65 F.3d 555, 558 (7th Cir. 1995). There are no court rules requiring pleadings to be typed or printed from a word processor. The plaintiff should carefully choose a tenable federal claim.

Bearing in mind the foregoing admonitions, the plaintiff is granted until July 20, 2011, to: (1) either pay the statutory filing fee or file a properly completed *in forma pauperis* application; and (2) submit an amended

**(CONTINUED)**

complaint on the court's required form. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply with these directives by July 20, 2011, the case will be summarily dismissed.

*Suzanne B. Conlon*