Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 3330 | DATE | July 25, 2011 |
| CASE TITLE | Charles D. Hardig (#2009-0009731) vs. Illinois Department of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff may proceed on his claims. The plaintiff's motion for appointment of counsel [#5] is granted. The court hereby appoints Jeffrey T Petersen / K & L Gates, LLP / 70 West Madison, Suite 3100 / Chicago, Illinois 60602 / (312) 372-1121 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The second amended complaint is dismissed without prejudice to appointed counsel filing a third amended complaint by September 1, 2011, if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Will County Adult Detention Facility, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that health care providers at the jail have violated the plaintiff's constitutional rights by acting with deliberate indifference to his medical needs. More specifically, the plaintiff appears to allege that he has received inadequate care for pancreatitis and food poisoning.

The court has twice directed the plaintiff to draft amended complaints curing various pleading deficiencies. The plaintiff has attempted to comply with each order; however, he does not seem to have the wherewithal to submit an acceptable amended complaint that stands complete on its own and complies with the Federal Rules of Civil Procedure. The court makes a preliminary finding for purposes of 28 U.S.C. § 1915A that the plaintiff would seem to have potentially cognizable claims. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *but see Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation).

**(CONTINUED)**

mjm

## STATEMENT (continued)

The plaintiff's motion for appointment of counsel is granted. Jeffrey T Petersen / K & L Gates, LLP / 70 West Madison, Suite 3100 / Chicago, Illinois 60602 / (312) 372-1121 is hereby appointed to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, appointed counsel should file a third amended complaint by September 1, 2011, if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the court. In developing a claim or claims, counsel should bear in mind the joinder requirements discussed in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

*Suzanne B. Conlon*